| | |
|---|---|
| James E. Cecchi <br> Lindsey H. Taylor <br> **CARELLA, BYRNE, CECCHI,** <br> **OLSTEIN, BRODY & AGNELLO** <br> 5 Becker Farm Road <br> Roseland, New Jersey 07068 <br> (973) 994-1700 | Scott A. Bursor <br> Joseph I. Marchese <br> **BURSOR & FISHER, P.A.** <br> 369 Lexington Avenue, 10th Floor <br> New York, New York 10017 <br> (212) 989-9113 |

Antonio Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Defendant. | Civil Action No. <br><br><br><br> **COMPLAINT and** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Edward Rossi, by way of Complaint against Defendants, says:

## NATURE OF THE ACTION

1. This is a class action against The Proctor & Gamble Company ("P&G") for falsely labeling Crest Sensitivity Treatment & Protection toothpaste ("Crest Sensitivity") with claims that it is "New!" and that it provides rapid relief from tooth sensitivity (e.g., "Relief Within Minutes"). The false labels on Crest Sensitivity trick purchasers into paying a 75% price

premium over comparable products that do not claim to provide rapid relief, but require weeks of use to reduce tooth sensitivity.

2.      On September 30, 2011, the National Advertising Division ("NAD") of the Better Business Bureau reported its findings with respect to an inquiry concerning health and performance claims made by P&G in Internet advertising and on product packaging for Crest Sensitivity. The claims at issue included:

> "Relief Within Minutes*"
>
>> "*For Sensitivity relief within minutes, first brush sensitive teeth for 30 seconds each."
>
> "When used as directed [Crest Sensitivity] provides relief from sensitivity pain within minutes …"
>
> "Stop Tooth Pain, fast."
>
> "You're only minutes away from lasting tooth sensitivity pain relief* with the Crest Sensitivity Treatment & Protection Toothpaste. So you don't have to wait to enjoy all your favorite hot and cold foods."

3.      After a thorough review of the pertinent clinical studies, NAD concluded these claims were unsubstantiated. NAD concluded that P&G "failed to provide a reasonable basis for its claims."[1]

> NAD noted that the strong immediate pain relief claims at issue are unqualified, communicating a far greater benefit to consumers than the studies' results reflect. While there is improvement in tooth sensitivity *over time*, with more clinically meaningful achievements at days three and after two weeks for both studies, NAD determined that the totality of the evidence was insufficient to support the advertiser's 'relief within minutes' claims and recommended that they be discontinued.[2]

---

[1]     NAD Case # 5836, Report at 14 n.39 (Sep. 30, 2011).

[2]     *Id.* at 13-14.

4. The false labels offering "Relief Within Minutes" were highly material to consumers and served to differentiate Crest Sensitivity from comparable products which require several weeks of use before providing effective relief. The false labels allowed P&G to charge a 75% price premium for Crest Sensitivity.

5. In fact, Crest Sensitivity is essentially identical Crest Pro-Health toothpaste. Both products have the same active ingredient, in the same amount, the same indicated uses, the same warnings, same directions, same inactive ingredients, and same flavor ("smooth mint"). Indeed, even the patent numbers listed on the product label are the same. There are only three differences between Crest Sensitivity and Crest Pro-Health: the packaging, the color, and the price: (1) Crest Sensitivity's packaging includes claims of rapid relief; the packaging for Crest Pro-Health does not make rapid relief claims; (2) Crest Sensitivity uses a slightly different coloring additive than Crest Pro-Health; and (3) Crest Sensitivity is priced at $6.99 for a 4.2 ounce tube, compared to $3.99 for Crest Pro-Health – a 75% price premium.

|  | **Crest Sensitivity** | **Crest Pro-Health** |
|---|---|---|
| **Active Ingredient** | Stannous fluoride 0.454% (0.16% w/v fluoride ion) | Stannous fluoride 0.454% (0.16% w/v fluoride ion) |
| **Purpose** | Anticavity, antigingivitis, antisensitivity toothpaste | Anticavity, antigingivitis, antisensitivity toothpaste |
| **Uses** | • aids in the prevention of cavities<br><br>• helps prevent gingivitis<br><br>• helps interfere with the harmful effects of plaque associated with gingivitis<br><br>• builds increasing protection against painful sensitivity of the teeth to cold, heat, acids, sweets or contact | • aids in the prevention of cavities<br><br>• helps prevent gingivitis<br><br>• helps interfere with the harmful effects of plaque associated with gingivitis<br><br>• builds increasing protection against painful sensitivity of the teeth to cold, heat, acids, sweets or contact |

|  | **Crest Sensitivity** | **Crest Pro-Health** |
|---|---|---|
| **Warnings** | When using this product do not use for sensitivity longer than four weeks unless recommended by a dentist.<br><br>Stop use and ask a dentist if the sensitivity problem persists or worsens. Sensitive teeth may indicate a serious problem that may need prompt care.<br><br>Keep out of reach of children. If more than use for brushing is accidentally swallowed, get medical help or contact a Poison Control Center right away. | When using this product do not use for sensitivity longer than four weeks unless recommended by a dentist.<br><br>Stop use and ask a dentist if the sensitivity problem persists or worsens. Sensitive teeth may indicate a serious problem that may need prompt care.<br><br>Keep out of reach of children. If more than use for brushing is accidentally swallowed, get medical help or contact a Poison Control Center right away. |
| **Directions** | • adults and children 12 yrs. & older: apply at least a 1-inch strip of the product onto a soft bristled toothbrush. Brush teeth thoroughly for at least 1 minute twice a day (morning and evening) or as recommended by a dentist.<br><br>• do not swallow<br><br>• children under 12 yrs.: ask a dentist | • adults and children 12 yrs. & older: apply at least a 1-inch strip of the product onto a soft bristled toothbrush. Brush teeth thoroughly for at least 1 minute twice a day (morning and evening) or as recommended by a dentist.<br><br>• do not swallow<br><br>• children under 12 yrs.: ask a dentist |
| **Other Information** | • products containing stannous fluoride may produce surface staining of the teeth<br><br>• adequate toothbrushing may prevent these stains which are not harmful or permanent and may be removed by your dentist<br><br>• this Crest is specially formulated to help prevent staining<br><br>• see your dentist regularly | • products containing stannous fluoride may produce surface staining of the teeth<br><br>• adequate toothbrushing may prevent these stains which are not harmful or permanent and may be removed by your dentist<br><br>• this Crest is specially formulated to help prevent staining<br><br>• see your dentist regularly |
| **Inactive Ingredients** | glycerin, hydrated silica, sodium hexametaphosphate, propylene glycol, PEG-6, water, zinc lactate, flavor, trisodiuym phosphate, sodium lauryl sulfate, sodium gluconate, carrageenan, sodium saccharin, xanthan gum, polyethylene, <u>titanium dioxide, blue 1</u> (underlining added) | glycerin, hydrated silica, sodium hexametaphosphate, propylene glycol, PEG-6, water, zinc lactate, flavor, trisodiuym phosphate, sodium lauryl sulfate, sodium gluconate, carrageenan, sodium saccharin, xanthan gum, polyethylene, <u>blue 1 lake</u> (underlining added) |
| **Patents** | US Patent 6,696,045; 6,740,311 | US Patent 6,696,045; 6,740,311 |
| **Price** | $6.99 for 4.2 ounces | $3.99 for 4.2 ounces |

4

A true and correct copy of the Crest Sensitivity label is attached hereto as **Exhibit 1**. A true and correct copy of the Crest Pro-Health label is attached hereto as **Exhibit 2**.

6. It appears that P&G made no change to its Crest Pro-Health toothpaste except to add titanium dioxide, an inactive food coloring sometimes referred to as "pigment white." This produced a slightly different color paste, making it appear light green instead of light blue. This change has no medicinal significance. Nevertheless, P&G added the word "New!" and the rapid relief claims (e.g., "Relief Within Minutes") to the label, added three dollars to the price, and called the resulting product Crest Sensitivity.

7. Plaintiff Edward Rossi purchased Crest Sensitivity at a CVS store near his home in Bergen County, New Jersey. He chose to purchase Crest Sensitivity instead of a less expensive stannous fluoride toothpaste because only Crest Sensitivity promised "Relief Within Minutes." But that was a false promise. P&G's claims that this product is "New!" and that it provides "Relief Within Minutes" are false and unsubstantiated. Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers of Crest Sensitivity, for violations of the Magnuson-Moss Warranty Act, for breach of express warranty, for breach of the implied warranty of merchantability, for unjust enrichment, and for violations of the New Jersey Consumer Fraud Act.

## THE PARTIES

8. Plaintiff Edward Rossi is a citizen of New Jersey residing in Bergen County, New Jersey.

9. Defendant The Proctor & Gamble Company ("P&G") is a corporation organized under the laws of the State of Ohio, with its principal place of business located at One Proctor & Gamble Plaza, Cincinnati, Ohio 45202. P&G is engaged in the business of manufacturing,

marketing and distributing health care and branded consumer products under various brand names including Vicks®, Pampers®, Tide®, Ariel®, Always®, Whisper®, Pantene®, Mach3®, Bounty®, Dawn®, Gain®, Pringles®, Charmin®, Downy®, Lenor®, Iams®, Crest®, Oral-B®, Actonel®, Duracell®, Olay®, Head & Shoulders®, Wella®, Gillette®, and Braun®. P&G is the manufacturer, marketer and/or distributor of Crest Sensitivity, Crest Pro-Health, and other Crest toothpastes.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class members is a citizen of a state different from Defendants.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because P&G does business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this judicial district.

## FACTS COMMON TO ALL CLAIMS

13. Tooth sensitivity (or dentin hypersensitivity) afflicts nearly 40 million people in the United States. It occurs when gums recede or enamel is eroded and the underlying layer of the tooth (the dentin) becomes exposed and starts to erode. The dentin contains microscopic tubules (small hollow tubes or canals) that lead to nerves in a tooth, and when the tubules are exposed, stimuli such as heat, or cold, will cause sharp sensations of pain.

14. Stannous fluoride can be effective against sensitivity after several weeks of brushing by occluding open tubules on the surface of the tooth, thereby preventing stimuli from reaching the nerves. However, there is no competent or reliable scientific evidence that stannous fluoride provides *rapid relief* as claimed on the Crest Sensitivity label.

15. Claims promising relief from sensitive tooth pain within *minutes* instead of weeks (the expected time frame with most sensitivity toothpastes on the market) are particularly attractive to the target market. The Crest Sensitivity label promises relief from sensitive tooth pain "within minutes," and repeats that promise four times. The claim "**Relief Within Minutes\***" appears in large bold print on the front center of the packaging. The asterisk references a statement on the back panel that reinforces the rapid relief claim, stating: "*For sensitivity relief within minutes, first brush sensitive teeth for 30 seconds each." The back panel also includes an illustration that repeats the "relief within minutes" claim twice more:

> "Crest Stannous Fluoride provides sensitivity relief within minutes by starting to block micro-channels with the first brushing."
>
> "When used as directed, Crest Sensitivity Treatment and Protection provides relief from sensitivity pain with minutes* and builds increasing protection against tooth sensitivity."

16. NAD – which has expertise in determining the express and implied messages reasonably conveyed by an advertisement – determined the Crest Sensitivity label conveys the message that sensitive teeth sufferers who use Crest Sensitivity will experience a significant and immediate reduction in, if not complete elimination of, tooth sensitivity.[3]

17. NAD also determined there is no competent and reliable scientific evidence to support the claims that Crest Sensitivity provides relief within minutes and recommended that

---

[3] NAD Case # 5836, Report at 10.

7

such claims should be discontinued.[4] In fact there is no competent and reliable scientific evidence to support the claims that Crest Sensitivity provides relief within minutes. Crest Sensitivity does not provide relief within minutes.

## CLASS ACTION ALLEGATIONS

18. Plaintiff seeks to represent a class defined as all persons in the United States who purchased Crest Sensitivity toothpaste, excluding those who purchased Crest Sensitivity for resale (hereafter, the "Class").

19. Plaintiff also seeks to represent a subclass of all Class members who purchased Crest Sensitivity in the State of New Jersey (hereafter, the "New Jersey Subclass").

20. Members of the Class and New Jersey Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New Jersey Subclass number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication.

21. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a) whether P&G sold Crest Sensitivity bearing false labels misrepresenting that it would provide "Relief Within Minutes";

---

[4] *Id.* at 13-14.

    (b)  whether P&G simply changed the food coloring and packaging of Crest Pro-Health and sold it at a 75% price premium by making unsubstantiated claims it was a "New!" product that would provide "Relief Within Minutes";

    (c)  whether Class members suffered an ascertainable loss as a result of the P&G's mislabeling of Crest Sensitivity and charging a price premium for that product;

    (d)  whether P&G breached its warranty that Crest Sensitivity would provide "Relief Within Minutes";

    (e)  whether P&G was unjustly enriched through the price premiums it was able to charge for Crest Sensitivity;

    (f)  whether P&G violated the New Jersey Consumer Fraud Act by falsely labeling Crest Sensitivity;

    (g)  whether, as a result of P&G's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

  22.  Plaintiff's claims are typical of the claims of Class members because Plaintiff and Class members purchased Crest Sensitivity bearing a false label warranting that it would provide "Relief Within Minutes."

  23.  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

24. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish P&G's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of P&G's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (For Violation Of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.)

25. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff brings this Count I individually and on behalf of the members of the Class and New Jersey Subclass against P&G.

27. Crest Sensitivity is a consumer product as defined in 15 U.S.C. § 2301(1).

28. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

29. P&G is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

30. In connection with the sale of the Crest Sensitivity, P&G issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the product was "New!" and would provide "Relief Within Minutes."

31. In fact, the product was not "New!" It was the same formulation previously sold as Crest Pro-Health toothpaste, disguised with different packaging and a different coloring additive.

32. In fact, Crest Sensitivity does not provide "Relief Within Minutes."

33. Plaintiff and Class Members were injured as a direct and proximate result of P&G's breach because: (a) they would not have purchased Crest Sensitivity on the same terms if the true facts concerning its medicinal properties had been known; (b) they paid a price premium due to the misrepresentation on the label that Crest Sensitivity provides "Relief Within Minutes"; and (c) Crest Sensitivity did not perform as promised.

## COUNT II
**(For Breach of Express Warranty)**

34. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff brings this Count II individually and on behalf of the members of the Class and New Jersey Subclass against P&G.

36. P&G, as the designer, manufacturer, marketer, distributor, or seller expressly warranted that Crest Sensitivity was fit for the intended purpose of providing "relief from [tooth] sensitivity pain within minutes."

37. In fact, Crest Sensitivity was not fit for such purpose because it, like all other stannous fluoride toothpastes, requires several weeks of brushing to occlude open tubules on the surface of the tooth in order to provide relief from tooth sensitivity pain.

38. Plaintiff and Class Members were injured as a direct and proximate result of P&G's breach because: (a) they would not have purchased Crest Sensitivity on the same terms if the true facts concerning its medicinal properties had been known; (b) they paid a price premium

11

due to the misrepresentation on the label that Crest Sensitivity provides "Relief Within Minutes"; and (c) Crest Sensitivity did not perform as promised.

## COUNT III
### (For Breach of Implied Warranty of Merchantability)

39.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.     Plaintiff brings this Count III individually and on behalf of the members of the Class and New Jersey Subclass against P&G.

41.     P&G, as the designer, manufacturer, marketer, distributor, and/or seller impliedly warranted that Crest Sensitivity was fit for its intended purpose of providing "relief from [tooth] sensitivity pain within minutes."

42.     Defendants breached the warranty implied in the contract for the sale of the Crest Sensitivity in that Crest Sensitivity could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not provide "relief from [tooth] sensitivity pain within minutes."

43.     In reliance upon P&G's skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and Class members purchased Crest Sensitivity for "relief from [tooth] sensitivity pain within minutes."

44.     The Crest Sensitivity toothpaste was not altered by Plaintiffs and Class members. The Crest Sensitivity toothpaste was defective when it left the exclusive control of P&G.

45.      P&G knew the Crest Sensitivity toothpaste would be purchased and used without additional testing for efficacy by Plaintiffs and Class members.  The Crest Sensitivity toothpaste

was defectively designed and was unfit for its intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

46. As a direct and proximate cause of P&G's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased Crest Sensitivity on the same terms if the true facts concerning its medicinal properties had been known; (b) they paid a price premium due to the misrepresentation on the label that Crest Sensitivity provides "Relief Within Minutes"; and (c) Crest Sensitivity did not perform as promised.

## COUNT IV
### (Unjust Enrichment)

47. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

48. Plaintiff brings this Count IV individually and on behalf of the members of the Class and New Jersey Subclass against P&G.

49. "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

50. "Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn," *In re Mercedes-*

*Benz Tele Aid Contract Litig.*, 257 F.R.D. at 58 (holding that New Jersey law applies to those claims).

51.     Plaintiff and Class members conferred a benefit on P&G by purchasing Crest Sensitivity and by paying a price premium for Crest Sensitivity.

52.     P&G has been unjustly enriched in retaining the revenues derived from Class members' purchases of Crest Sensitivity, which retention under these circumstances is unjust and inequitable because P&G misrepresented that Crest Sensitivity would provide "relief from [tooth] sensitivity pain within minutes."

53.     Because P&G's retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, P&G must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*)**

54.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

55.     Plaintiff brings this Count V individually and on behalf of members of the Class and New Jersey Subclass against P&G.

56.     P&G misrepresented that Crest Sensitivity would provide "relief from [tooth] sensitivity pain within minutes."

57.     Plaintiff and Class members suffered an ascertainable loss caused by Defendants' misrepresentations because: (a) they would not have purchased Crest Sensitivity on the same terms if the true facts concerning its medicinal properties had been known; (b) they paid a price premium due to the misrepresentation on the label that Crest Sensitivity provides "Relief Within Minutes"; and (c) Crest Sensitivity did not perform as promised.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a.    For an order certifying the nationwide Class and the New Jersey Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and New Jersey Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New Jersey Subclass members;

    b.    For an order declaring that P&G's conduct violates the statutes referenced herein;

    c.    For an order finding in favor of Plaintiff, the nationwide Class, and the New Jersey Subclass on all counts asserted herein;

    d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

    g.    For injunctive relief as pleaded or as the Court may deem proper; and

    h.    For an order awarding Plaintiff and the Class and the New Jersey Subclass their reasonable attorneys' fees and expenses and costs of suit.

    **CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO**
Attorneys for Plaintiff

By: /s/ James E. Cecchi
      JAMES E. CECCHI

Dated: December 13, 2011

Antonio Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
Joseph I. Marchese
**BURSOR & FISHER, P.A.**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

                                    **CARELLA, BYRNE, CECCHI,**
                                    **OLSTEIN, BRODY & AGNELLO**
                                    Attorneys for Plaintiff

                            By:   /s/ James E. Cecchi
                                   JAMES E. CECCHI

Dated: December 13, 2011

Antonio Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
Joseph I. Marchese
**BURSOR & FISHER**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113