**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Civil Action No.: 11-7238 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant The Procter & Gamble Company ("Defendant" or "P&G")'s Motion to Dismiss Plaintiff Edward Rossi ("Plaintiff")'s putative class action complaint ("Complaint") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [Docket Entry No. 23]. The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Complaint is denied at this stage.

**I. BACKGROUND**

This putative class action arises from Defendant P&G's purported false labeling of Crest Sensitivity Treatment & Protection toothpaste ("Crest Sensitivity") with claims that it is "New!" and that it provides rapid relief from tooth sensitivity. (Compl., ¶ 1). Plaintiff is a resident of Bergen County, New Jersey, and purchased Crest Sensitivity at a CVS store near his home. (Id. ¶ 8). Plaintiff alleges that the false labeling on Crest Sensitivity toothpaste "tricks purchasers

into paying a 75% price premium over comparable products that do not claim to provide rapid relief, but require weeks of use to reduce tooth sensitivity." (Id. ¶ 1).

On September 30, 2011, the National Advertising Division ("NAD") of the Better Business Bureau reported its findings following its inquiry into the health and performance claims made by P&G in Internet advertising and on product packaging for Crest Sensitivity. (Id. ¶ 2). NAD issued its findings following a review of clinical studies, and concluded that P&G's claims about relieving tooth sensitivity "within minutes" were unsubstantiated. (Id. ¶¶ 2-3). Specifically, NAD determined that P&G "failed to provide a reasonable basis" for these claims and that there was "no competent and reliable scientific evidence" to support said claims. (Id. ¶¶ 3, 17). NAD thus recommended that those claims be discontinued. (Id. ¶ 3).

Plaintiff further claims that Crest Sensitivity is essentially identical to Crest Pro-Health toothpaste with only three differentiating features: "(1) Crest Sensitivity's packaging includes claims of rapid relief; (2) Crest Sensitivity uses a slightly different coloring additive than Crest Pro-Health; and (3) Crest Sensitivity is priced at $6.99 for a 4.2 ounce tube, compared to $3.99 for Crest Pro-Health – a 75% price premium." (Id. ¶ 5).

Plaintiff filed his five-count Complaint against Defendant on December 13, 2011. [Docket Entry No. 1]. Those counts include: (1) a claim brought pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, for breach of warranty on the consumer product, Crest Sensitivity (Compl., ¶¶ 25-33); (2) a breach of express warranty claim (Id. ¶¶ 34-38); (3) a breach of implied warranty of merchantability (Id. ¶¶ 39-46); (4) an unjust enrichment claim (Id. ¶¶ 47-53); and (5) a New Jersey Consumer Fraud Act ("NJCFA") claim brought pursuant to N.J.S.A. § 58:8-1 (Id. ¶¶ 54-57). The Complaint defines the putative class as "all persons in the United States who purchased Crest Sensitivity toothpaste, excluding those who

purchased Crest Sensitivity for resale." (Id. ¶ 18). Plaintiff also seeks to represent a subclass of "all Class members who purchased Crest Sensitivity in the State of New Jersey (hereafter, the 'New Jersey Subclass')." (Id. ¶ 19). Plaintiff bases this Court's jurisdiction over the action on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), "because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member[] is a citizen of a state different from Defendants." (Id. ¶ 11). Plaintiff also asserts subject matter jurisdiction under 28 U.S.C. § 1331 based on his MMWA claim and supplemental jurisdiction over the four New Jersey state law claims pursuant to 28 U.S.C. § 1367. (Id. ¶ 10).

On March 9, 2012, Defendant filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). [Docket Entry No. 23]. Specifically, Defendant argues that: (1) Plaintiff cannot establish jurisdiction under CAFA because he cannot meet the $5 million amount-in-controversy statutory requirement; (2) he cannot establish jurisdiction under the MMWA because he cannot meet that statute's class action requirement of having at least 100 named plaintiffs; and (3) since he cannot establish jurisdiction under any federal law in the first instance, the Court cannot assert supplemental jurisdiction over his New Jersey state law claims. (Def. Br., at 5, 7-8). Plaintiff filed his Opposition to the instant motion on April 2, 2012. [Docket Entry No. 33]. Defendant filed its reply brief on April 9, 2012. [Docket Entry No. 36].

## II. LEGAL STANDARD

To survive a motion to dismiss for lack of subject-matter jurisdiction, the party seeking relief bears the burden of demonstrating the court's jurisdiction. See Fed. R. Civ. P. 12(b)(1); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Since the trial court's jurisdiction

– its very power to hear the case – is at issue in a Rule 12(b)(1) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see also Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2001)(the court "can look beyond the pleadings to decide factual matters related to jurisdiction"). As a general rule, "the jurisdictional amount is determined from the good faith allegations appearing on the face of the complaint. . . . A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." In re LifeUSA Holding, 242 F.3d 136, 143 (3d Cir. 2001)(citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). For the purposes of the motion to dismiss, this Court will treat the matter as a class action until there is a full determination that the class action is not proper. Duruaku v. BB&T Bank, 2006 U.S. Dist. LEXIS 44390, at * 14-15 (D.N.J. June 29, 2006)(citing Kahan v. Rosenstiel, 424 F.2d 161, 169 (3d Cir. 1970)).

To meet his burden in establishing this Court's jurisdiction over his MMWA class action claim, Plaintiff is required to meet three jurisdictional requirements: (1) the amount in controversy of any individual claim must not be less than the sum or value of $25; (2) the amount in controversy must not be less than the sum or value of $50,000, exclusive of interests and costs, computed on the basis of all claims to be determined in the suit; and (3) the number of the named plaintiffs must not be less than one hundred. See 15 U.S.C. § 2310(d)(3). Since the MMWA contemplates alternative jurisdiction, and "Congress intended for CAFA to expand federal court jurisdiction over class actions," CAFA may provide an alternate basis of

jurisdiction for MMWA claims. See <u>McGee v. Cont'l Tire N. Am., Inc.</u>, 2007 U.S. Dist. LEXIS 62869, at * 9-10 (D.N.J. Aug. 27, 2007).

### III. DISCUSSION

<u>A. Plaintiff's CAFA Claim</u>

Defendant seeks to dismiss Plaintiff's Complaint, <u>inter alia</u>, on grounds that Plaintiff cannot meet the jurisdictional amount-in-controversy requirement under CAFA. (Def. Br., at 5). To support this argument, Defendant submits a Declaration by Dennis Legault, the Associate Marketing Director of North American Oral Car at P&G ("Legault Decl."). [Docket Entry No. 25]. According to the Legault Declaration, Crest Sensitivity toothpaste was launched in about February 2011. (Legault Decl., ¶¶ 3-4). Between the period from February 2011 through December 2011, P&G Distributing sold 644,354 units of Crest Sensitivity to retailer customers, and the dollar sales to consumers by retail customers who purchased the toothpaste from P&G Distributing was approximately $1.8 million. (Id. ¶¶ 5-6). While retailers "in the Food, Drug, Dollar, Mass Merchandiser, and Club classes of trade" sold approximately 320,000 units of Crest Sensitivity toothpaste to consumers at an average price of $5.67 between February 2011 and December 2011, a "significant amount" of Crest Sensitivity toothpaste inventory "remains with retailers." (Id. ¶¶ 6-7). The sales figures were obtained based on "FDD+ and Other" data obtained through a third-party provider, AC Nielson, and an internal proprietary system to P&G "that utilizes available scanner data and basic knowledge and understanding of company shipments to determine retail sales volume." (Id. ¶¶ 7-8).

Based on these figures, Defendant argues that Plaintiff cannot meet the threshold CAFA amount-in-controversy requirement of $5,000,000 in order to establish CAFA jurisdiction. (Def. Br., at 6-7). Specifically, since Plaintiff alleges injury in the form of the price premium, he thus

suffered damages of $3 per tube if the approximate price of a 4.2 ounce tube of Crest Sensitivity was $6.99 and the Crest Pro-Health tube was $3.99. (Id. at 6). Plaintiff thus can only validly assert total damages of $960,000 if only 320,000 tubes were sold at a loss to Plaintiff and members of the putative class of $3. (Id.). Defendant also argues that Plaintiff has not asserted claims for relief through which they could recover a full refund of the price of the tube of Crest Sensitivity toothpaste that they purchased, and that Plaintiff has not met his burden of justifying his allegations as to estimated damages with evidence of his own. (Def. Reply Br., at 3, 7-8).

Plaintiff responds by arguing that Defendant cannot show to a legal certainty that the amount of controversy is less than $5 million. (Pl. Opp'n Br., at 1). First, Plaintiff states that the Complaint seeks for Plaintiff and the members of the putative class, compensatory damages, "including a refund of the purchase price of Crest Sensitivity," as well as punitive damages, attorneys' fees, and other relief. (Id. at 2). With respect to the refund, Plaintiff points to portions of the Complaint that allege that "he was deceived by P&G's false labeling and would not have purchased Crest Sensitivity on the same terms if he had known the truth concerning its medicinal properties." (Id.; citing Compl., ¶¶ 33, 38, 46, 57). Since Plaintiff seeks a full refund of the purchase price of $6.99, even accepting the Defendant's sale figure of 320,000 as true, Plaintiff estimates the full potential measure of compensatory damages, including the sale of inventory sold by P&G to retailers, would come to $4,504,034. (Id. at 4). With the treble damages available under the NJCFA, the amount in controversy would reach $10,960.461, surpassing the $5,000,000 amount-in-controversy requirement under CAFA. (Id.). Plaintiff also contests whether the sales figures are complete, and given the limited discovery that has occurred due to the recent filing of the Complaint and Defendant's lack of response to limited requests for production, argues that he should be allowed to explore the allegations as to the sales figures

prior to a definitive jurisdictional determination by this Court. (Id. at 5-7). In the alternative, Plaintiff requests that this Court grant limited jurisdictional discovery because the jurisdictional facts are in the Defendant's exclusive control. (Id. at 1).

As stated supra, the Court accepts Plaintiff's allegations that the amount in controversy exceeds the jurisdictional threshold in good faith, unless Defendant can demonstrate with a "legal certainty" that Plaintiff cannot recover that amount. See In re LifeUSA Holding, 242 F.3d at 143. Plaintiff's "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." Samuel-Basset v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004). The Court considers potential punitive damages and attorneys' fees when calculating the jurisdictional threshold of CAFA jurisdiction. See Frederico v. Home Depot, 507 F.3df 188, 199 (3d Cir. 2007); Lawton v. Basic Research, 2011 U.S. Dist. LEXIS 36169, at * 10-11 (D.N.J. Apr. 4, 2011).

The Court finds that Defendant has failed to demonstrate with legal certainty that Plaintiff cannot recover the requisite jurisdictional amount under CAFA. First, since the parties have had very limited ability to develop an evidentiary record, the Court takes the allegations of the putative class action Complaint as true. See Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1991)(the court must consider allegations of the complaint as true in a Rule 12(b)(1) facial attack); Haggart v. Endogastric Solutions, Inc., 2011 U.S. Dist. LEXIS 11289, * 8 (W.D. Pa. Feb. 4, 2011). Therefore, the Court will look to the "legal certainty test" established in Red Cab to determine whether the jurisdictional amount has been satisfied. See Red Cab, 303 U.S. at 288-90.

In Plaintiff's Complaint, he requests compensatory and punitive damages, prejudgment interest, an order of restitution and other forms of equitable monetary relief as well as reasonable

attorneys' fees, expenses and costs of suit. (Compl., at 15). The bases for these claims of relief are stated as injuries suffered by Plaintiff and putative class members who: (1) "would not have purchased Crest Sensitivity on the same terms if the true facts concerning its medicinal properties had been known" (Id. ¶¶ 33, 38, 46, 57); (2) "paid a price premium due to the misrepresentation on the label that Crest Sensitivity provides 'Relief Within Minutes'" (Id.); and (3) did not get the performance they were promised when they purchased Crest Sensitivity (Id.). On the basis of Defendant's own sales figures as stated in the Legault Declaration, Plaintiff's would be looking to recover a minimum of $3 each for only the differential from the price premium paid, and with 320,000 units sold, would be recovering $960,000 in compensatory damages. However, this amount does not include any price premiums that would have accrued subsequent December 2011, and since Defendant neither provides information regarding the sales pricing of the remaining units of Crest Sensitivity toothpaste sold to retailers nor appears to have provided to Plaintiff through his March 26, 2012 request for production a full accounting of P&G's Crest Sensitivity toothpaste sales, the Court cannot find that it has established even the level of compensatory damages Plaintiff could recover with legal certainty. Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(quoting Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997)). Jurisdictional discovery is particularly appropriate where the defendant is a corporation, since the plaintiff, a "total stranger" to the defendant, "should not be required . . . to try such an issue on affidavits without the benefit of full discovery." Metcalfe v. Renaissance Marine, Inc., 566 F.3df 324, 336 (3d Cir. 2009)(quoting Compagnie des Bauxites de Guinee v.

L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir. 1983)). Based on our review of Plaintiff's Complaint, the Court finds that Plaintiff's claim is not frivolous, and Plaintiff ought to have the opportunity to conduct jurisdictional discovery to allow resolution of the jurisdictional issue.

In addition to the lack of legal certainty that Plaintiff may recover with respect to compensatory damages on the price premium, the Court further finds legal uncertainty as to the amount recoverable should Plaintiff and putative class members succeed in their claim for compensatory damages for a full refund of the purchase price. Plaintiff states in his Complaint that he and putative class members would not have purchased Crest Sensitivity at all at the higher purchase price had they known "the true facts concerning its medicinal properties." (Compl., ¶¶ 33, 38, 46, 57). While Defendant argues that Plaintiff would not be entitled to a full refund in compensatory damages under any of the statutes that he seeks relief, full refunds and even the purchase price plus collateral damages are available under the MMWA and the NJCFA. See 15 U.S.C. § 2310(d); Suber v. Chrysler Corp., 104 F.3d 578, 589 n. 12 (3d Cir. 1997)("Under the Magnuson-Moss Warranty Act, . . . a consumer who is damaged by the failure of a dealer or manufacturer to comply with a warranty obligation can file suit to recover the purchase price plus collateral damages."); Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005)("In cases involving breach of contract or misrepresentation, either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages."). Therefore, Plaintiff's compensatory damages could be calculated based on the purchase price of the toothpaste, and based on the sales number of 320,000 provided by Defendant, amount to $2,236,800.

In its moving papers, Defendant does not include in its estimate of the amount in controversy an assessment of punitive damages Plaintiff and the putative class could recover. (See Def. Br., at 6). In Defendant's Reply Brief, they contest whether the NJCFA's treble damages provision would apply to the claims of the entire putative nationwide class. (Def. Reply Br., at 7). The uncertainty as to whether or not treble damages would apply to the entire nationwide putative class further supports this Court's finding that Defendant has not demonstrated with legal certainty that Plaintiff cannot meet the jurisdictional threshold requirement of CAFA. For example, if Plaintiff were able to recover somewhere between the price premium and a full refund of the purchase price of the Crest Sensitivity toothpaste only as to said toothpaste sold between February 2011 and December 2011, that would amount to $1,598,400. Therefore, including any available punitive damages, attorneys' fees and the price premium or full purchase price of the remaining units of Crest Sensitivity toothpaste P&G sold to retailers, Plaintiff has in good faith asserted that the $5,000,000 jurisdictional threshold has been met.

Since Plaintiff has made an estimate in good faith that the $5,000,000 amount-in-controversy requirement under CAFA has been met, and Defendant cannot establish with legal certainty that said jurisdictional threshold cannot be met by Plaintiff and the putative class, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

2. Jurisdiction under the MMWA and Supplemental Jurisdiction

Defendant argues that, since Plaintiff has failed to name the required 100 named plaintiffs in order to bring a class action under the MMWA, he has failed to fulfill the statutory requirements to establish federal jurisdiction. (Def. Br., at 7). Further, Defendant argues that,

since courts have allowed plaintiffs to proceed with an MMWA class action lawsuit without naming 100 plaintiffs, they have only done so where federal jurisdiction was otherwise established under CAFA. (Id.). Defendant finally argues that Plaintiff's state law claims should be dismissed for lack of subject matter jurisdiction since there is no basis for original federal jurisdiction. (Id. at 8).

Since this Court has found that Plaintiff has sufficiently estimated in good faith that the jurisdictional requirement under CAFA has been met, and Defendant has not been able to establish with legal certainty otherwise, the Court finds that CAFA provides an alternate basis of jurisdiction for Plaintiff's MMWA claim. See McGee, 2007 U.S. Dist. LEXIS 62869, at * 9-11. Further, the Court has supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. § 1367.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). An appropriate Order accompanies this Opinion.

DATED: July 10, 2012

José L. Linares
United States District Judge