UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendants. | Civil Action No. 2:11-cv-07238 (JLL)(MAH) |

# PLAINTIFFS' RESPONSE TO THE OBJECTION OF TIM BLANCHARD

James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(646) 837-7150

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 20th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff Edward Rossi and the Class*

**PRELIMINARY STATEMENT**

Pursuant to the Court's February 22, 2013 Order preliminarily approving the proposed Settlement ("Preliminary Approval Order"), Summary Notice was published in *People* Magazine on April 22, 2013 and *USA Today* on April 4, 2013. Declaration of Jonathan D. Carameros Re: Notice Procedures at ¶ 4. (Dkt. No. 76-1 at 12)  Additionally, 15 days of Internet Banner notifications were run from April 4, 2013 to April 18, 2013. *See id.* The Claims Administrator also established a dedicated settlement website, www.sensitivitytoothpastesettlement.com, to provide additional information to the Class Members, including downloadable copies of the Class Notice, Claim Form, Class Action Settlement Agreement and Preliminary Approval Order, and a frequently asked questions section. *See id.* at ¶ 6. Among other information, the Settlement website informed Class Members of Class Counsel's intention to move for an award of reasonable attorneys' fees and reimbursement of expenses not to exceed $700,000, and also informed Class Members of their right to object to the Settlement or the request for attorneys' fees. The Class's response to the Settlement and fee request has been overwhelmingly favorable. Although more than 93,000 people visited the Settlement website, only one objection was filed.

The sole objection was brought by a serial objector who regularly objects to class action settlements. Plaintiffs and Class Counsel respectfully submit this response to the objection submitted by Tim Blanchard (the "Blanchard Objection"). Mr. Blanchard, a serial objector, has submitted a boilerplate objection to the proposed Settlement on two broad (and unsupported) grounds. First, Mr. Blanchard objects to the request for attorneys' fees and reimbursement of expenses on a lodestar basis and a percentage-of-the-recovery basis, and based upon the time and information provided to the Class to assess the fairness of the award of attorneys' fees. *Id.* at 1. Second, Mr. Blanchard vaguely objects, without any support whatsoever, that Plaintiffs have not satisfied their burden of proof on "commonality, predominance, superiority, and adequacy of

1

class counsel and class representatives" under Rule 23.  *Id.* at 2.  For the reasons set forth below, Mr. Blanchard's objection is completely meritless and should be rejected in its entirety.

## ARGUMENT

### A.   The Blanchard Objection Is Meritless

The Blanchard Objection is nothing more than broad, unsupported criticisms without any analysis (or even mention) of the factors that must be considered in evaluating a motion for final approval or any analysis of the appropriateness of the requested fee application.  As demonstrated in Plaintiffs' submissions in support of Preliminary Approval and Final Approval, the requirements of Rule 23 have been met and an award of fees and reimbursement of expenses of $700,000, paid separately by the defendant and not from the a common fund, is reasonable.  In short, the objection is meritless and should be rejected. (Dkt. No. 66-1 at 23; Dkt. No. 76-1 at 38-39)

#### 1.   The Requirements of Rule 23 Have Been Satisfied

Mr. Blanchard's vague, generalized objections that the "proponents of the settlement [have not sustained] their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives" under Rule 23 are unfounded.  Plaintiffs were able to achieve a settlement that is not only fair, reasonable and adequate, but provides an excellent result to the Settlement Class.[1]  Mr. Blanchard is also clearly wrong as each of the requirements of Rule 23 have been squarely addressed in Plaintiffs' submissions in support of Preliminary Approval and, more recently, Final Approval.  (Dkt. No. 66-1 at 24-32; Dkt. No. 76-1 at 17-26)  All members of the Class are unified by and share common factual allegations

---

[1] The Settlement also resolves not only the instant action, but similar actions filed in the United States District Courts for the Northern District of California, Northern District of Ohio, and Southern District of Ohio, and in the Superior Court of the State of California.

arising from the defendant's alleged misrepresentations concerning the performance of its Crest Sensitivity Treatment & Protection ("CSTP") toothpaste. As such, their claims are subject to generalized, common proof regardless of any variation among the relevant states' laws.

Moreover, Plaintiffs and Class Counsel are clearly adequate. Indeed, this Court found that Class Counsel were experienced and capable of representing the interests of the Class when it initially appointed them interim class counsel (Dkt. No. 17) and reconfirmed its determination when it appointed them Class Counsel. (Dkt. No. 69) Likewise, the Plaintiffs are clearly adequate representatives of the Settlement Class, who suffered the same harm as other Settlement Class Members. Among other virtues, Mr. Rossi and the other Plaintiffs have proof of purchase and at least one Plaintiff, Mr. Alvandi, annexed a copy of his product packaging that he purchased as Exhibit 1 to his complaint filed in the Superior Court of the State of California for the County of Los Angeles.

Plaintiffs have analyzed each element of Rule 23 in depth and have demonstrated why it is satisfied. The objector does not articulate any aspect of Rule 23 that is not met. Finally, assuming *arguendo* that this case did not meet the requirements of Rule 23 outside the settlement context that is even more reason why the Settlement should be approved. The Settlement provides significant relief to the purchasers of CSTP toothpaste who, arguably, might not have been able to obtain it. Certification of the Settlement Class is therefore proper and Mr. Blanchard's objection to class certification should be denied.

> **2. The Requested Attorneys' Fees and Reimbursement of Expenses Should be Awarded**

As set forth in Plaintiffs' detailed submission in support of final approval, the requested award of attorneys' fees of $700,000 is presumptively fair here because (i) it will not diminish a common fund available to the Class, (ii) it is fully supported by the lodestar of Class Counsel,

3

(iii) it is not a percentage of the recovery available to the Class, and (iv) it was negotiated separately following agreement to the terms set forth in the parties' Settlement Agreement. (Dkt. No. 76-1 at 37-41) Here, subject to the Court's approval, the defendant has agreed to pay Class Counsel up to $700,000 in attorneys' fees and expenses in *addition* to any benefits to be paid to the Class. Thus, this award of attorneys' fees and costs is completely separate and apart from the Class Settlement, and the relief to the Class will not be reduced as a result of these payments.

We respectfully submit that the requested award – which was negotiated at arm's length with highly-respected defense counsel – is reasonable based upon the detailed submission to date and the work that has been done. Further, there will be additional time expended by Class Counsel to wrap up this litigation. No fee will be requested for that additional time. Finally, as detailed in Plaintiffs' prior submissions, the Class Members, who will receive the benefits of the Settlement, are not paying Class Counsel's fees and expenses, which provides strong support for Class Counsels' requested fee. The Class appears to agree. Of the thousands of Class Members, only Mr. Blanchard objected. This lack of meaningful objection weighs in favor of approving the requested fee award. *See Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 148-49 (E.D. Pa. 2000). Accordingly, and in light of precedent, the fee requested here is reasonable.

Finally, the Final Approval Brief and the supporting declarations include detailed declarations and exhibits disclosing the actual lodestar by Class Counsel, and by each partner, associate, paralegal and other personnel at each law firm, noting the hours, hourly rate and lodestar for each person, with totals for each firm. Therefore, even if the award of attorneys' fees and reimbursement of expenses was viewed using the prism of a lodestar analysis, the maximum aware of $700,000 would be reasonable given the total lodestar (952 hours) and lodestar multiplier (only 1.34), which is at the low end of the fee multipliers awarded in this

Court and the Third Circuit. The objector fails to address any of these points. Accordingly, the objection to the award of attorneys' fees and reimbursement of expenses should be rejected.

Instead, the objection makes a conclusory assertion that there is "no basis from which to assess the fairness of these fees" and claims that Class Counsel failed to provide objectors enough time to evaluate the fee and expense application. That is clearly wrong. Information concerning the request for an award of attorneys' fees and reimbursement was provided in the Class Action Settlement Agreement, which was available on the dedicated Settlement website for months and discussed (and included) in the papers submitted in support of Preliminary Approval. Class Action Settlement Agreement at page 21 ¶47 ("The payment by P&G of attorneys' fees and expenses is separate from and in addition to the relief afforded the Settlement Class Members in this Agreement. The Court's award of any fees and expenses shall be separate from its determination of whether to approve this Agreement.")

In addition, the Frequently Asked Questions section of the Settlement website explains:

> 9. How Will Class Counsel Be Paid?
>
> In addition to payments made to the Settlement Class members, Procter & Gamble has agreed to attorneys' fees and costs, to be paid to Class Counsel of $700,000 subject to approval by the Court.

This information was available long before the Plaintiffs' final approval papers were filed on August 20, 2013. Still, to address Mr. Blanchard's protests concerning the time provided to analyze and object to the fee request given, Class Counsel will consent to provide Mr. Blanchard until September 6, 2013 to supplement his objection to address the papers submitted in support of the request for an award of attorneys' fees and reimbursement of expenses.

### B. As Mr. Blanchard Is A Serial Objector, His Objection Should Be Viewed With Caution

Legitimate objectors exercising their right to object to a proposed class settlement play a valuable role in ensuring that settlements are fair and adequate, particularly in cases involving complex settlements. However, a growing number of unscrupulous individuals attempt to make a living by exploiting the right to object to class action settlements by filing objections and appeals for the sole purpose of extorting a pay-off. These objections are often harmful to the class as they tend to delay benefits negotiated on behalf of the class. *See* Alba Conte & Herbert B. Newberg, 5 *Newburg on Class Actions* § 15:37 (4th ed. 2002). *See also Devlin* v *Scardaletti*, 536 U.S. 1, 23 n.5 (2001) (Scalia, J., dissenting) (observing that professional objectors" penchant for filing "canned" briefs and baseless objections often lead to baseless appeals in the quest for a fee); *In re UnitedHealth Group PSLRA Litig.*, 643 F. Supp. 2d 1107, 1108 (D. Minn. 2009) (referring to a group of serial objectors as "remoras" who were "loose again"); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 6-7 (1st Cir. 1999) ("[W]e recognize that a class member and his or her attorney conceivably could object to a proposed settlement solely to set up an appeal designed to obtain a nuisance value recovery and/or advantageous fee arrangement."); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395, 2006 U.S. Dist. LEXIS 7107 2, at *3 (D. Mass. Aug. 22, 2006) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.").

Mr. Blanchard's objections to this settlement are precisely the kind of canned, rote objections that are indicative of serial objectors. As such, the Court should review his objection with skepticism. The Federal Judicial Center has warned courts to "[w]atch out...for canned objections filed by professional objectors who seek out class actions to simply extract a fee for lodging generic, unhelpful protests." Barbara J. Rothstein & Thomas J. Willging, Federal

Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges,* at 11 (2005). Courts are further cautioned to be "wary of self-interested professional objectors who often present rote objections to class counsel's fee requests and add little or nothing to the fee proceedings." *Id.* at 24l. *See also In re Initial Pub. Offering Sec. Litig.,* 728 F. Supp. 2d 289, 295 n.37 (S.D.N.Y. 2010); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n. 26 (E.D. Pa. 2003) (same); Decl. of Prof. Samuel Issacharoff ¶33, *In re Checking Account Overdraft Litig.*, No. 09-md-02036-JLK, Dkt. No. 1885-7 (S.D. Fla. Sept. 16, 2011) ("[P]rofessional objectors . . . bring objections, typically of a generic sort, that are lodged primarily for the purposes of delay and to extract (indeed, often, to extort) payment to the objector's counsel to go away"). Indeed, in other class actions, Mr. Blanchard submitted his objections in the same boilerplate manner and failed to provide any support whatsoever for his objections. *See* Exhibits A-C. Mr. Blanchard's boilerplate objections are without merit and should be overruled.[2]

Class Counsel respectfully submit that, under the circumstances, the Court should view the objection filed by Mr. Blanchard with a healthy dose of skepticism, if not outright rejecting it. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 269 F. Supp. 2d 603, 610 n.9 (E.D. Pa. 2003), *vacated on other grounds and remanded*, 396 F.3d 294 (3d Cir. 2005) (rejecting baseless objection as "another vehicle for a professional gadfly" and decrying objector's counsel who had "become a twelfth-hour squeaky wheel"); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000) (criticizing "obviously 'canned' objections filed by professional

---

[2] While the objection was filed by Mr. Blanchard *pro se*, Plaintiffs have reason to believe that Christopher Bandas, a Texas attorney and a seasoned objector to class action settlements who, like Mr. Blanchard, resides in Corpus Christi, Texas may have been involved. Mr. Bandas has previously filed an objection on behalf an allegedly *pro se* objector who was an employee of his law firm. *See* Exhibit D. The objection clandestinely orchestrated by Mr. Bandas in that case resembles Mr. Blanchard's objection in this case. *Compare* Mr. Blanchard's objection in this case with Exhibit E.

objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests").

## CONCLUSION

For all the foregoing reasons, Plaintiffs and Class Counsel respectfully request that the Court reject Mr. Blanchard's objection in its entirety.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
*Attorneys for Plaintiffs and the Class*


By:    /s/ Donald A. Ecklund
      DONALD A. ECKLUND

August 30, 2013

Of Counsel:

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(646) 837-7150

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 20th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff Edward Rossi and the Class*