UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Civil Action No. 11-7238 (JLL)(MAH)<br><br>**FINAL APPROVAL ORDER<br>AND JUDGMENT** |

THIS MATTER having come before the Court for consideration of the Plaintiff's application for Final Approval of Class Action Settlement, in accordance with the parties' Settlement Agreement made and entered into as of January 28, 2013 (the "Settlement Agreement"). The terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

WHEREAS, P&G and the Plaintiff reached a Class settlement (the "Settlement");

WHEREAS, the Plaintiff submitted the Settlement Agreement together with a motion for preliminary approval of the proposed settlement to the Court on January 29, 2013;

WHEREAS, the Court gave its preliminary approval of the Settlement on February 22, 2013 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by publication in two national publications and via the internet;

WHEREAS, the Court appointed Settlement Administrator Kurtzman Carson Consultant LLC effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiff submitted a motion for final approval of class settlement, award of attorneys' fees and expenses, and approval of incentive awards on August 20, 2013;

WHEREAS, on September 12, 2013, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court, whether Class Counsel's request for attorneys' fees and reimbursement of expenses in the amount of $700,000.00 should be awarded; and whether the request for incentive awards to each of the Class Representatives in the amount of $1,500.00 should be approved;

WHEREAS, in the approximate four month period following notice the class through the opt-out established in the Preliminary Approval Order, no member of the class sought to opt out of the Settlement;

WHEREAS, only one objection was filed with respect to the proposed Settlement or the request for attorney's fees; and

WHEREAS, Class Counsel appeared for the Plaintiffs and the Class, Jones Day appeared for defendant P&G, and no Class Member, including the sole objector, appeared at the Final Approval Hearing to contest the Settlement.

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement as well as Plaintiffs' requested award for attorney's fees and incentive awards and supporting documentation, and hearing the attorneys for the Parties,

IT IS ON THIS 3 day of ~~September~~ October, 2013, ORDERED and, ADJUDGED that the Settlement Agreement is hereby finally approved and judgment shall be entered as follows:

1. The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement is fair reasonable and adequate.

2. The Settlement is in the best interests of all Class Members and P&G.

3. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all terms therein.

4. The Court has personal jurisdiction over the parties and all Class Members, and the Court has subject matter jurisdiction-over this action pursuant to 28 U.S.C. § 1332(d); 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

5. Based upon the record before the Court, including the submissions in support of the Settlement, the objection, and response thereto, as well as the Settlement Agreement itself, the Court hereby finally certifies the following nationwide class (the "Class") for settlement purposes only:

> All natural persons in the United States who purchased CSTP from February 2011 through the date of the publication of notice pursuant to Section III of the Settlement Agreement. Excluded from membership in the Class are: (1) those who purchased the toothpaste for resale or distribution to others; (2) all federal judges to whom an action involving CSTP has been assigned and members of their families within the first degree of consanguinity and (3) all officers and directors of P&G.

In so holding, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Class for settlement purposes only because: Class members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the

Class with regard to the claims of the Class they represent; common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

6. The Settlement was reached after lengthy and rigorous arms'-length negotiations between the Parties. The Settlement was the result of the parties' good faith negotiations and counsel had adequately assessed this case's strengths and weaknesses and structured the Settlement in a way that adequately accounts for those strengths and weaknesses. The Settlement Agreement and the Settlement are fair, reasonable, and adequate; consistent with and in compliance with the requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause).

7. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

8. The forms and methods of notice comply with the Preliminary Approval Order, the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause). The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the circumstances. The Court further finds that the forms of notice were concise, clear, and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded from the Class, their right to object to

the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members.

9. The Court rejects and overrules the objection. *filed by Tim Blanchard.*

10. The terms of the Settlement Agreement and the Final Approval Order are binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

11. As set forth in the Settlement Agreement and by operation of law, the terms of the Settlement Agreement and the Final Approval Order and Judgment shall have *res judicata*, collateral estoppel, and complete preclusive effect, with respect to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on, or in any way related to, any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on, or in any way related to P&G's marketing and sale of CSTP.

12. Neither the Final Approval Order and Judgment nor the Settlement Agreement constitutes an admission of liability, fault or wrongdoing by P&G.

13. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14. All claims against P&G in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

15. The Release set forth in the Settlement Agreement is incorporated by reference and made part of the Final Approval Order and Judgment. Therefore, in consideration of the cash and non-cash benefits, and the mutual promises contained in the Settlement Agreement, the Releasing Parties hereby release the Released Parties from the Released Claims.

16. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees, including reimbursement of costs and expenses, in the total amount of $ 700,000.00. Upon delivery of the Stipulated Undertaking by Class Counsel in accord with the Settlement Agreement and the Undertaking, the payment shall be made by wire transfer to the Bursor & Fisher, P.A. trust account within 15 days after entry of this Order. Class Counsel shall, in their sole discretion, allocate all fees awarded by this Court to other Plaintiffs' Counsel. All other payments shall be made in accordance with the terms of the Settlement Agreement.

17. The Court approves the agreement to pay incentive awards to the Class Representatives in the amount of $1,500.00 each.

18. Nothing in this Final Approval Order and Judgment, the Class Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by P&G.

19. No Class Member, either directly, representatively, or in any other capacity shall commence, continue, or prosecute any action or proceeding against P&G in any court or tribunal asserting any of the Class Released Claims, as defined in the Settlement Agreement, and all Class Members are hereby permanently enjoined from so proceeding.

20. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class,

and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to this Court, provided, however, that nothing in this paragraph shall restrict the Parties to exercise their rights under Paragraph 19 above.

21. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

JOSE L. LINARES, U.S.D.J.