January 31, 2014

Clerk of the Court
US District Court New Jersey
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: Objection to Class Settlement in *Rossi v. The Procter & Gamble Company*, Civil
     Action No. 11-CV-7238 (JLL)(MAH)

Dear Clerk:

  Enclosed please find Objector Tim Blanchard's Response in Opposition to Plaintiff's and Class Counsel's Motion to Impose an Appeal Bond for filing with the court.

                  Sincerely,

                  Tim Blanchard

Enclosures

Tim Blanchard
3710 Pope Drive
Corpus Christi, TX 78411
(361) 558-3477

*Pro Se Objector/Appellant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendants. | Civil Action No. 2:11-cv-07238 (JLL)(MAH) |

### OBJECTOR TIM BLANCHARD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AND CLASS COUNSEL'S MOTION TO IMPOSE AN APPEAL BOND

COMES NOW Objector, Tim Blanchard ("Blanchard"), and files this Response in Opposition to Plaintiff's and Class Counsel's Motion to Impose an Appeal Bond.

### INTRODUCTION

Plaintiff Edward Rossi and Class Counsel seek a $30,000 appeal bond under Rules 7, 38 and 39 of the Federal Rules of Appellate Procedure. As will be shown below, only Rules 7 and 39 have any relevance to this Court's inquiry. And Rules 7 and 39 do not permit a bond except to cover actual costs on appeal (listed below), which are generally no more than a $1,000 on appeal. Plaintiff and Class Counsel are simply trying to use this bond motion to increase the cost

to an objector/appellant to such a degree than an appeal of the approval of a class action settlement becomes economically unfeasible so that any appellate review can be eliminated. That result is not permitted under the rules.

## ARGUMENT

The bond that Plaintiff and Class Counsel seek is simply not permitted by Rule 7 FRAP where a court's discretion is limited to costs available under Rule 39 FRAP. Plaintiff and Class Counsel have made no showing that these appellate costs supposedly caused by the Objectors/Appellants will be anywhere near the $30,000 that is sought. Costs recoverable under Rule 39 FRAP for an appellee and thus allowed to be included in a Rule 7 FRAP appeal bond are the "necessary copies of a brief or appendix," "preparation and transmission of the record," and "the reporter's transcript." Moreover, 3d Cir. L.A.R. 39.3(c) limits the categories of costs that may be claimed in a bill of costs.

Plaintiff and Class Counsel do not attach or reference any evidence supporting the notion that costs under Rules 7 and 39 could possibly be $30,000. Objection is made to the lack of sufficient evidence as to what Plaintiff's actual costs on appeal might be, how they arrived at $30,000, and a categorization of the costs on appeal that they are seeking. The motion to impose an appeal bond should be denied for that reason alone. Objection is also made to lack of guidance as to what categories of costs make up the $30,000 sought. Objection is also made on the grounds that objector's due process rights would be violated by the imposition of the bond sought on the present state of the record, the lack of categorization of "costs" sought and lack of evidence.

Moreover, Rule 38 FRAP applies only where the court of appeals has found that an appeal is frivolous, which has not occurred in this case. The rule does not apply, as a threshold

matter, in any other circumstances. *See* Rule 38 FRAP; *see also Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

Appeals possessing merit are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States*, 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v. Pearce*, 395 U.S. 711, 724 (1969) ("[a] court is without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *Accord Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"), *cert. denied*, 419 U.S. 1070 (1974). Yet this is precisely what Plaintiff and Class Counsel are attempting to do.

A district court does not have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines*, 779 F.2d at 716, 718-19; *accord Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777 at *3 (3d Cir. June 10, 1997) ("[W]e conclude that Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees."). Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines*, 779 F.2d at 716; *accord Hirschensohn* (Rule 7 does not grant authority to receive a bond for attorneys' fees) (only Rule 39 costs are included in appeal bond).

Nor do "taxable costs" include costs of delay. What Plaintiff and Class Counsel are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8: a bond for the costs of delay and/or other "costs." The difference between a *supersedeas* bond and an appeal bond is

important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *American President Lines*, 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met, because Objector has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for costs of delay as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

This is not a frivolous appeal. Plaintiff's and Class Counsel's "frivolous appeal" argument is essentially the same argument made in almost every case by class counsel. It was the same argument made in *Dewey vs. Volkswagen*, 681 F.3d 170 (3rd Cir. 2012), and the objections were not only not frivolous, they were sustained by the 3rd Circuit. Chris Bandas and his firm have represented clients in appeals that have successfully overturned class settlements that have similarities to the case at bar. *See, eg., Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012).

In any event, it is well-established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *American President Lines, Inc.*, 779 F.2d at 717 (D.C. Cir. 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *See* Rule 38 FRAP; *see also Azizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993).

## CONCLUSION

In sum, Objector Tim Blanchard would not be opposed to a bond that covers the reasonable anticipated costs on appeal of the "necessary copies of a brief or appendix," "preparation and transmission of the record," and "the reporter's transcript" upon a proper showing and evidence itemizing those costs. This is not because Objector Tim Blanchard

believes his appeal is frivolous, to the contrary, he expects to prevail in this appeal. Rather, Objector Tim Blanchard and his counsel are willing to provide a bond to protect Plaintiff and Class Counsel from being required to pay for the "necessary copies of a brief or appendix," "preparation and transmission of the record," and "the reporter's transcript" in the event the court of appeals does not overturn the settlement. However, based upon the record before the Court, Objector Tim Blanchard respectfully requests the Court to deny the Plaintiff's and Class Counsel's Motion to Impose an Appeal Bond for $30,000 as there is not sufficient evidence in the record to support a bond in that amount, nor does the law allow such an exorbitant appeal bond.

I have sought legal advice and assistance in this matter by Texas attorney Christopher A. Bandas, of Bandas Law Firm, P.C., Corpus Christi, Texas and this document was prepared with the assistance of counsel, no special favor or treatment is requested due to the fact that any document I submit is filed *pro se*.

DATED: January 31, 2014         Respectfully submitted,

                                _____
                                Tim Blanchard
                                3710 Pope Drive
                                Corpus Christi, TX 78411
                                (361) 558-3477

                                *Pro Se Objector/Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed by paper filing. A copy of this has been furnished to counsel as indicated below. A copy of said document after docketed by the clerk, will be generated by the court and sent by email to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service.

DATED: January 31, 2014

**CAROLINE F. BARTLETT**
**JAMES E. CECCHI**
**DONALD A. ECKLUND**
**LINDSEY H. TAYLOR**
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, P.C.
5 BECKER FARM ROAD
ROSELAND, NJ 07068

**MARISSA J. COHEN**
**JENNIFER LYNN DEL MEDICO**
JONES DAY
222 EAST 41ST STREET
NEW YORK, NY 10017

**ANTONIO VOZZOLO**
FARUQI & FARUQI, LLP
369 LEXINGTON AVENUE
10TH FLOOR
NEW YORK, NY 10017-6531

_____
Tim Blanchard