UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>　　　　　　　Defendant. | Civil Action No. 11-7238 (JLL)(MAH) |

-------------------------------------------------------------------------------------------------------------------
**REPLY BRIEF IN SUPPORT OF MOTION
TO IMPOSE APPELLATE BOND**
-------------------------------------------------------------------------------------------------------------------

James E. Cecchi
Lindsey H. Taylor
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(646) 837-7150

*Attorneys for Plaintiff Edward Rossi and the Class*

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

## PLAINTIFF'S MOTION FOR AN
## APPEAL BOND SHOULD BE GRANTED

Plaintiff briefly addresses the points raised by Objector/Appellant Tim Blanchard in response to Plaintiff's motion for an appeal bond.

First, Mr. Blanchard complains that taxable costs do not include costs of delay caused by an appeal, citing *In re American President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985). That 30-year old precedent is neither binding upon this Court, nor is it persuasive in light of more recent caselaw on the subject. (Blanchard Brief at 3-4) Contrary to Mr. Blanchard's contention, costs of delay are appropriately included in an appellate bond under Fed.R.App.P. 7. *In re Nutella Marketing and Sales Practices*, 2012 WL 6013276, at *2 (D.N.J. Nov. 20, 2012); *In re Insurance Brokerage Antitrust Litigation*, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007); *see also, e.g., In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817-18 (6th Cir. 2004); *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 2012 WL 3984542, at *5 (D. Minn. Sept. 11, 2012) ("The $20,000 bond requested by the Settlement Class for costs incurred by delay are reasonable and necessary. The costs of additional administration should be shouldered by the Objectors, particularly given the tenuous nature of their arguments."); *Miletak v. Allstate Insurance Co.*, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) ("the Court finds good cause to impose an appeal bond in the amount of $60,000, which represents solely the appellate costs and administrative costs requested by Plaintiff"); *In re Checking Account Overdraft Litigation*, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) (ordering a bond in excess of $616,000 because the appeal "prevent[ed] distribution of the Settlement proceeds as ordered by this Court's Final Judgment"); *In re Wal-Mart Wage & Hour Employment Practices Litigation*, 2010 WL 786513, at *1-*2 (D. Nev. Mar. 8, 2010) (each of four objectors appealing from final approval of class action settlement required to post $500,000 bond in light of administrative

costs and interest the class would lose as a result of the delay in compensation and injunctive relief due under the settlement agreement); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 520 F.Supp.2d 274, 279 (D. Mass. 2007) (appealing objector required to post $61,000 bond for administrative costs that class will suffer as a result of delay in distribution from class action settlement); *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 2003 WL 22417252, at *1-*2 (D. Me. Oct. 7, 2003) (concluding that costs of delay or disruption of settlement may be included in a Rule 7 bond and granting $35,000 appeal bond).

Likewise, it is not necessary to present evidence as to the actual costs which might be incurred. *In re American Investors Life Insurance Co.*, 695 F.Supp.2d 157, 167 (E.D.Pa. 2010) (ordering $25,000 cost bond for appeal of class action settlement); *In re Insurance Brokerage*, 2007 WL 1963063, at *3 (same); *In re Diet Drugs Products Liability Litigation*, 2000 WL 1665134, at *6-7 (E.D. Pa. Nov. 6, 2000) (finding $25,000 as a reasonable estimate and ordering that "Objectors shall be jointly and severally responsible for posting a $25,000.00 bond to ensure payment of costs incurred by the class on appeal should the class prevail"). All that is necessary is that the movant provide a reasonable estimate of the anticipated costs, which Plaintiff has done, and Mr. Blanchard has not contested.

Mr. Blanchard argues that his appeal is not frivolous because his counsel, Christopher Bandas, has been successful in other appeals. Whatever might be the merits of their objections in other cases, the Court disagreed with Mr. Blanchard and Mr. Bandas' assessment of the merits of the objection they raised here.[1]

---

[1] Mr. Blanchard cites to *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012) as an example of a successful objection to a settlement. (Blanchard Brief at 4) Interestingly, neither Mr. Blanchard nor his counsel, Mr. Bandas, were involved in *Dewey*. Mr. Bandas cites to a single case where his objection was sustained, *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012).

> Mr. Blanchard does not explain *how* or *why* he believes that Class Counsel has failed to sustain its burden of proof as to the Rule 23 requirements. Without providing reasons in support of his conclusory statement, this Court is not in a position to assess—in any meaningful way—the merits of his argument. In any event, the Court has already determined that the proposed settlement meets each of the requirements of Rule 23(a) and (b)(3); Mr. Blanchard's conclusory objection to the contrary is therefore rejected.

Op. at 12-13 (Docket Entry 80)(emphasis in original)

The Court also observed in a footnote:

> Class Counsel also maintain that Mr. Blanchard is a "serial objector," and thus, his objection should be viewed with caution. Although Class Counsel's point is well taken, because Mr. Blanchard offers merely a boilerplate objection with no substance, such objection is, in any event, rejected on the merits.

*Id.* at n. 2 (internal citation omitted)

Moreover, Mr. Blanchard essentially concedes that his papers were ghost-written by his counsel, Mr. Bandas. (Blanchard Brief at 8)  Mr. Bandas is a notorious serial objector, and is having Mr. Blanchard file papers here ostensibly as a *pro se* party in order to avoid the local counsel and *pro hac vice* requirements of L.Civ.R. 101.1. (*See* Plaintiff's moving Brief at 3-4; )  As the District Court noted in *Dennis*, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." 2013 WL 6055326, at *4 n. 2 (quoting *In re Law Office of Jonathan E. Fortman*, 2013 WL 414476, at *5 (E.D.Mo. Feb. 1, 2013).  Demonstrably, Mr. Bandas' only motive here is to hold up Class Counsel for a cash payment, not to advance the interests of class members.  That

---

Notably, in *Dennis*, the parties subsequently renegotiated a settlement, which was approved by the district court over the objection of Mr. Bandas' co-counsel, with the court noting "[i]n this light, the Court notes that present objectors' counsel, Darrell Palmer has been widely and repeatedly criticized as a serial, professional, or otherwise vexatious objector." *Dennis v. Kellogg Co.*, 2013 WL 6055326, at *4 and n. 2 (S.D.Cal. Nov. 14, 2013).

motivation is appropriately considered in connection with an assessment of Mr. Blanchard's objection, which was meritless in any event.

## CONCLUSION

For the foregoing reasons and the reasons set forth in his moving papers, Plaintiff respectfully requests that this Court issue an Order, pursuant to Fed.R.App.P. 7, requiring the Mr. Blanchard and Mr. Bandas to collectively post a bond of $30,000 within 10 business days and requiring them to post the appeal bond before proceeding with their appeal, and any other relief the Court deems just and proper.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
*Attorneys for Plaintiff Edward Rossi and the Class*


By:   /s/ James E. Cecchi
         JAMES E. CECCHI

Dated: February 11, 2014

Of Counsel:

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(646) 837-7150

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff Edward Rossi and the Class*