UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Civil Action No. 11-7238 (JLL)(MAH) |

**MEMORANDUM OF LAW IN SUPPORT OF
SANCTIONS PURSUANT TO RULE 11**

James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(646) 837-7150

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff Edward Rossi and
the Class*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

CERTIFICATION OF COMPLIANCE WITH RULE 11(c)(2) ..................................................3

ARGUMENT .................................................................................................................................4

    A.  Messrs. Bandas and Blanchard's Factual and Legal Contentions
        Violate Rule 11 ...........................................................................................................5

    B.  The Objection Is Baseless and Was Filed for an Improper Purpose ...........................7

CONCLUSION ..............................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allapattah Servs., Inc. v. Exxon Corp.*,
   No. 91-0986, 2006 U.S. Dist. LEXIS 88347 (S.D. Fla. Apr. 7, 2006) ............................................7

*Becker v. Montgomery*,
   532 U.S. 757 (2001) ....................................................................................................................5

*Berwick Grain Co. Inc. v. Ill. Dep't of Agric.*,
   217 F.3d 502 (7th Cir. 2000)........................................................................................................5

*Bobowski v. Clearwire Corp.*,
   Case No. 10-cv-1859 (W.D. Wa) ECF No. 166...........................................................................2

*Cooter & Gel v. Hartmarx Corp.*,
   496 U.S. 384 (1990).................................................................................................................4, 5

*Cruz v. Savage*,
   896 F.2d 626 (1st Cir. 1990) ........................................................................................................7

*Ellis v. Maine*,
   448 F.2d 1325 (1st Cir. 1971)...................................................................................................6, 7

*Ford Motor Co. v. Summit Motor Prods., Inc.*,
   930 F.2d 277 (3d Cir. 1991)....................................................................................................4, 5

*Gaiardo v. Ethyl Corp.*,
   835 F.2d 479 (3d Cir. 1987).........................................................................................................4

*Hays v. Sony Corp.*,
   847 F.2d 412 (7th Cir. 1988)........................................................................................................5

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
   456 F. Supp. 2d 131 (D. Me. 2006)..............................................................................................6

*In re Ivan Boesky Sec. Litig.*,
   948 F.2d 1358 (2d Cir. 1991).......................................................................................................8

*In re NASDAQ Market-Makers Antitrust Litig.*,
   187 F.R.D. 124 (S.D.N.Y. 1999)..................................................................................................7

*In re: Hydroxycut Marketing and Sales Practices Litigation*,
   Case No. 09-md-2087-BTM-CAB (S.D. Cal.)............................................................................2

*In re: Nutella Marketing & Sales Practices Litig.*,
  Case No. 11-cv-1086 (FLW) (D.N.J.) ECF No. 122 ................................................................. 2

*In re Schaefer Salt Recovery, Inc.*,
  542 F.3d 90 (3d Cir. 2008) ......................................................................................................... 5

*Johnson v. Bank One N.A.*,
  90 Fed. App'x 956 (7th Cir. 2004) ............................................................................................. 5

*Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*,
  968 F. Supp. 1075 (E.D. Va. 1997) ............................................................................................ 6

*Pease v. Burns*,
  679 F. Supp. 2d 161 (D. Mass. 2010) ........................................................................................ 6

*Simmerman v. Corino*,
  27 F.3d 58 (3d Cir. 1994) ........................................................................................................... 4

## OTHER AUTHORITIES

Brian T. Fitzpatrick, The End of Objector Blackmail?, 62 Vand. L. Rev. 1623 (2009) ................. 5

Fed. R. Civ. P. 11 .................................................................................................................. *passim*

**PRELIMINARY STATEMENT**

This matter arises from the frivolous appeal of a sole, serial objector to the nationwide settlement of a consumer class action case that resolved warranty and consumer protection claims concerning the alleged false and misleading product representations and advertising statements used to sell Crest Sensitivity Treatment & Protection Toothpaste. The settlement also resolved similar consumer class action cases filed in the United States District Courts for the Northern District of California, Northern District of Ohio, Southern District of Ohio, and in the Superior Court of the State of California.

Mr. Blanchard and Mr. Bandas, both professional objectors, have used the judicial system to pursue their own improper interests while holding hostage settlement relief to which Class Members are entitled.[1] They have made misrepresentations to this Court and to the Third Circuit Court of Appeals, and have filed both a claim form pursuant to the Settlement as well as a "conclusory" and "meritless" objection to the Settlement in this case. Indeed, they misrepresented to the District Court and the Third Circuit Court of Appeals that the "objection" was filed by Mr. Blanchard as a *pro se* litigant prior to the filing of Mr. Bandas's notice of appearance in the appellate court. (*See* Cecchi Dec., Ex. E) But this was false. As the initial Notice of Appeal reveals, the return address for the mailing envelope was Mr. Bandas's law firm, and the receipt for the filing fee indicates that Mr. Bandas's firm paid. (Cecchi Dec., Exs. C, D) Yet, Mr. Bandas, a Texas attorney who has not appeared in this case and is not admitted to the Bar of New Jersey or to this Court, elected to secret himself initially. Mr. Bandas ghostwrote the initial objection, and clandestinely orchestrated Mr. Blanchard's initial objection thereby engaging in the

---

[1] Notably, under Mr. Bandas form retainer agreement, the objector gets whatever he or she would get under the settlement, if the settlement is approved, but may get nothing if the objection is successful. Mr. Bandas, on the other hand, gets paid whatever fee someone might agree to pay. (*See* Cecchi Dec., Ex. L) Thus, the objection is designed to be nothing more than a vehicle to get Mr. Bandas paid.

unauthorized practice of law and violating his ethical duty of candor to the Court. Moreover, instead of filing as a represented party or conducting himself as a true *pro se* litigant, Mr. Blanchard permitted Mr. Bandas to deceptively use him as a shield so they could together attempt to extort payment from Class Counsel and/or the Defendant on appeal of this Settlement. Messrs. Blanchard and Bandas are holding up this Settlement for the Class solely for purposes of delay and to extract a payment, and they have pinned their hopes on entirely meritless grounds.

The Federal Rules of Civil Procedure prohibit Mr. Bandas from ghostwriting papers or pressing frivolous appeals. Indeed, the purpose of Rule 11 is exactly the opposite: to make sure that papers are signed by counsel when they are written by counsel and to prevent the filing of frivolous papers, such as the initial objection and notice of appeal which are meritless. *See* Fed. R. Civ. P. 11.

The filing of the frivolous notice of appeal is made more egregious because these activities bear a striking resemblance to the misconduct of both Mr. Blanchard and Mr. Bandas that the Honorable Barry T. Moskowitz, U.S.D.J. has examined closely in *In re: Hydroxycut Marketing & Sales Practices Litig.,* Case No. 09-md-2087-BTM-CAB (S.D. Cal.) (*See* Cecchi Dec., Exs. I-K)[2]. That they would engage in the same conduct here while being excoriated in California is both mystifying and deeply troubling. Unfortunately, this is not the first district court judge to scrutinize the conduct of Mr. Bandas. *Bobowski v. Clearwire Corp.*, Case No. 10-cv-1859 (W.D. Wa) ECF No. 166 (revoking authorization to practice in the Western District of Washington). Indeed, Mr. Bandas has previously ignored the rules and orders entered within the Third Circuit. *See, e.g., In re: Nutella Marketing & Sales Practices Litig.*, Civil Action No. 11-1086 (FLW) (D.N.J.) ECF No. 122 (requiring the payment of an

---

[2] One of the issues raised in *Hydroxycut* was whether Mr. Blanchard or Mr. Bandas had actually signed Mr. Blanchard's objection. (Cecchi Dec., Exs. I, J). Although Clark Hampe, Mr. Bandas' client in *Nutella* was not the subject of the motion practice in *Hydroxycut*, Plaintiff's counsel notes the curious resemblance between Mr. Hampe's signature and Mr. Bandas' signature. (*Compare* signatures on Cecchi Exs. G, H with signatures on Cecchi Ex. K).

appeal bond in appeal of a settlement of a class action). Now, after ignoring prior admonitions, orders, and the rules governing practice in the federal courts, they are again engaging in their familiar illicit practices here.

Mr. Bandas recently admitted in another case that he does not "care about changing the settlement agreement one word, one letter, or anything." Messrs. Blanchard and Bandas are apparently unwilling to do the right thing on their own volition by following the applicable laws of New Jersey,[3] relevant professional and ethical rules, abiding by court orders, or withdrawing a frivolous appeal. Absent this Court's intervention, Messrs. Blanchard and Bandas are determined to press an appeal for an objection that has no support and should never have been brought in the first place. Their conduct is explicitly forbidden by Rule 11 and should be sanctioned accordingly. While Rule 11 should be used sparingly by the courts, this is precisely the type of situation for which the Rule was intended. The purpose of Rule 11 is to make sure that papers are signed by counsel when they are written by counsel and to prevent the filing of frivolous papers. The Rule does not allow Mr. Bandas to ghostwrite papers, to press baseless appeals, to misrepresent the circumstances of his legal representations to the Court, or to engage in the unauthorized practice of law in New Jersey. In the end, their conduct will only hold up distribution of the significant relief to the Class. The Court should not condone these tactics and should instead sanction Messrs. Blanchard and Bandas by reporting Mr. Bandas to the necessary disciplinary bodies, and imposing monetary and other sanctions on both Messrs. Blanchard and Bandas and awarding Plaintiffs' counsel their reasonable attorney's fees arising out of their work concerning the Objection and this Rule 11 motion practice.

There is no non-frivolous legal argument and no possible evidentiary support for this

---

[3]   *E.g.*, N.J.S.A. 2C:21-22 criminalizes the unauthorized practice of law, which is a third degree crime where the person "[d]erives a benefit" from the offense, as it is here with Mr. Bandas's actions.

3

objectively unreasonable use of the courts. Accordingly, this Court should impose sanctions under Rule 11 against Timothy Blanchard, Christopher A. Bandas, and the Bandas Law Firm in a manner and amount sufficient to deter their misconduct now and in the future.

### CERTIFICATION OF COMPLIANCE WITH RULE 11(c)(2)

Movants presented these issues to Mr. Bandas by letter in an effort to resolve this dispute without judicial assistance. Timothy Blanchard, Christopher A. Bandas, and the Bandas Law Firm were granted the benefit of a full 21-day "safe-harbor" period (Fed. R. Civ. P. 11(c)(2)), and had a full opportunity to respond to this motion and understand what Rule 11 violations were being asserted. The purpose of the "safe-harbor" period is to notify the non-moving party of its alleged violation and to give it an opportunity to correct the violation or withdraw the offending allegations without sanctions being imposed. Fed. R. Civ. P. 11 Advisory Committee Notes 1993 Amendments (the purpose of the safe-harbor is "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule…."). On [date], Mr. Bandas indicated that he and his client would not withdraw their Notice of Appeal. After the safe harbor expired, Movants prepared and served this motion. Timothy Blanchard, Christopher A. Bandas, and the Bandas Law Firm persist in ignoring the rules and continue to press an appeal that is frivolous, which has necessitated this application.

### ARGUMENT

The Supreme Court has made clear that "the central purpose of Rule 11 is to deter baseless filings," streamline litigation, and curb abuses of the judicial process. *Cooter & Gel v. Hartmarx Corp.*, 496 U.S. 384, 393-94 (1990). In this Circuit, the legal standard to be applied when evaluating whether conduct violates Rule 11 "is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). "Reasonableness" in the Rule 11 context is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim

was well-grounded in law and fact." *Id.* Sanctions under Rule 11 are appropriate when the filing constitutes abusive litigation or misuse of the court's process. *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). Rule 11 is especially important in class settlements, where baseless objections and appeals can delay the resolution of the settlement, involve staggering costs, and, most importantly, hold an entire class of individuals and the defendant hostage. *See* Brian T. Fitzpatrick, The End of Objector Blackmail?, 62 VAND. L. REV. 1623, 1624 (2009).

This Court can sanction "any attorney, law firm, or party" who, without reasonable inquiry, presents a pleading with legal contentions not warranted by law or factual contentions having no evidentiary support. *Berwick Grain Co. Inc. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). "The very point of Rule 11 is to give attorneys an incentive 'to stop, think and investigate more carefully before serving and filing papers[.]'" *Berwick*, 217 F.3d at 505 (citing *Cooter & Gell*, 496 U.S. at 398). It is aimed at curbing baseless filings that abuse the judicial system and burden courts and parties with needless expense and delay. *Cooter & Gell*, 496 U.S. at 397-98. The test is an objective one and "[i]n effect it imposes a negligence standard, for negligence is a failure to use reasonable care." *Hays v. Sony Corp.*, 847 F.2d 412, 418 (7th Cir. 1988).

Despite that a notice of appeal has been filed, it is clear that Rule 11 applies because the notice of appeal was filed in this Court. *See* Fed. R. Civ. P. 11(a) (providing that "every" paper filed with the Court is subject to Rule 11's requirements); *see also Becker v. Montgomery,* 532 U.S. 757, 763 (2001) (finding that Rule 11 requirements apply to notices of appeal); *Johnson v. Bank One N.A.*, 90 Fed. App'x 956 (7th Cir. 2004) (same); *see also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98-99 (3d Cir. 2008) (stating "a district court after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions under Rule 11.") (citation omitted). Moreover, Rule 11 applies to the frivolous initial objection, which Mr. Bandas

5

clandestinely orchestrated thereby also engaging in the unauthorized practice of law and violating his ethical duty of candor to the Court.

### A. Messrs. Bandas and Blanchard's Factual and Legal Contentions Violate Rule 11

Rule 11 requires that an attorney presenting a pleading to this Court to certify that every paper filed with the Court is signed in the attorney's name or by a party personally if the party is unrepresented, Fed. R. Civ. P. 11(a), and that the papers were filed for a proper purpose. *See* Fed. R. Civ. P. 11(b). Pursuant to Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Messrs. Blanchard and Bandas made a knowing misrepresentation to the Court in violation of Rule 11 because Mr. Bandas filed Mr. Blanchard's "pro se" objection to the Settlement. Instead, the objection was ghostwritten by Mr. Bandas, a Texas attorney who has never appeared in this case and who is not admitted to the Bar of New Jersey or to this Court.

This is the very type of conduct Rule 11 seeks to deter. *See Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (noting that a lawyer substantially participating in the drafting of a pleading would violate Rule 11 by not signing the pleading); *Pease v. Burns*, 679 F. Supp. 2d 161, 165 (D. Mass. 2010) ("'Ghostwriting [] circumvents Rule 11 of the applicable Rules of Civil Procedure,' which usually addresses the signing of pleadings, 'and may also violate any of a number of disciplinary rules.'"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F. Supp. 2d 131, 164 (D. Me. 2006) (putting pro se litigant "on notice that if in the future he files paper that appears to have been drafted in part by a lawyer, [the court] may require him to come to this Court to be examined under oath how it was prepared"); *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1079-80 (E.D. Va. 1997) (finding the practice of ghostwriting legal documents "inconsistent with the procedural, ethical and substantive rules of this Court"). As the

6

First Circuit in *Ellis* stated:

> What we fear is that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by Fed. R. Civ. P. 11, but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made. We cannot approve of such a practice. If a brief is prepared in any substantial part by a member of the bar, it must be signed by him.

448 F.2d at 328.

Messrs. Bandas and Blanchard's conduct is prohibited by Rule 11 and should be sanctioned.

### B. The Objection Is Baseless and Was Filed for an Improper Purpose

Additionally, Rule 11 requires that Mr. Blanchard, as a pro se litigant, and Mr. Bandas, an attorney, certify that the objection has legal and factual support, is not filed for an improper purpose, and is formed "after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). At a minimum, Rule 11 requires they "'stop and think' before initially making legal or factual contentions." Fed. R. Civ. P. 11 advisory committee notes to 1993 amendments. Any filed document that does not comport with these standards is frivolous and grounds for Rule 11 sanctions. *See Cruz v. Savage*, 896 F.2d 626, 633 (1st Cir. 1990).

This, alone, is sufficient grounds for Rule 11 sanctions. *See, e.g., Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986, 2006 U.S. Dist. LEXIS 88347, at *9 (S.D. Fla. Apr. 7, 2006) (issuing an order to show cause why Rule 11 sanctions should not be imposed on objecting counsel who filed objections to a settlement that were "frivolous and without merit"); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 130-31 (S.D.N.Y. 1999) (finding that objector that filed repetitive and meritless papers in the district court and on appeal intended to pursue his own objectives and thus, violated Rule 11); *see also* Fed. R. Civ. P. 11 advisory committee notes to 1993 amendments ("It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for

7

insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.").

But Messrs. Blanchard's and Bandas's conduct is worse. They are both a serial objectors with a pattern and practice of objecting to class settlements regardless of their content so that they can attempt to extract payment from the settling parties or their attorneys on appeal. They have filed countless baseless objections (like the one filed here) so that the district court will overrule them (just as the Court did here), and then file an appeal of the final approval of the settlement (as they did here). Taking advantage of the inevitable delay caused by the appellate process, they then attempt to extort money from plaintiffs' counsel in exchange for dropping their objections. As the Second Circuit Court of Appeals has warned, objectors who pursue unmeritorious objections on appeal towards a "deliberate strategy of tactical disruption and delay," "should be aware of Rule 11." *In re Ivan Boesky Sec. Litig.*, 948 F.2d 1358, 1368 (2d Cir. 1991). Their conduct is an improper use of the judicial process and should be deterred through the imposition of Rule 11 sanctions upon each of them here.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order awarding monetary sanctions under Rule 11 against Timothy Blanchard, Christopher A. Bandas, and the Bandas Law Firm in a manner and amount sufficient to deter further misconduct and compensate the Movants for reasonable time expended in defending against this frivolous appeal, and any other relief the Court deems just and proper.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
*Attorneys for Plaintiff Edward Rossi and the Class*

                                        By:    /s/ James E. Cecchi  
                                                JAMES E. CECCHI

Dated: February 4, 2014

Of Counsel:

Scott A. Bursor  
Joseph I. Marchese  
BURSOR & FISHER, P.A.  
888 Seventh Avenue  
New York, New York 10019  
(646) 837-7150

Antonio Vozzolo  
FARUQI & FARUQI, LLP  
369 Lexington Avenue, 10th Floor  
New York, New York 10017  
(212) 983-9330

*Attorneys for Plaintiff Edward Rossi and the Class*

9