Tim Blanchard
3710 Pope Drive
Corpus Christi, TX 78411
(361) 558-3477

*Pro Se Objector/Appellant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendants. | Civil Action No. 2:11-cv-07238 (JLL)(MAH) |



## OBJECTOR-APPELLANT TIM BLANCHARD'S
## RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

Objector-Appellant, Tim Blanchard, responds to the Plaintiffs' Motion for Sanctions as follows:

- The decision as to whether an appeal is frivolous is within the exclusive jurisdiction of the court of appeals. *See* Fed. R. App. P. 38 ("If a *court of*

*appeals determines* an appeal is frivolous...") (emphasis added); *see Conner v. Travis County*, 209 F.3d 794, 800-01 (5th Cir. 2000); *see also Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2004); *In re Villa West Associates*, 146 F.3d 798, 808 (10th Cir. 1998); *Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988). If Plaintiffs believe they have been aggrieved, they should re-file their motion for sanctions in the Third Circuit. Plaintiffs' motion for sanctions before this Court is unfounded and should be withdrawn. *See* Rule 11 Fed. R. Civ. P.

- This Court considered and overruled my objection and found that it was conclusory and generally unhelpful. This Court may ultimately be found to be correct in its decision. I am aware that on appeal the Third Circuit will give deference to this Court's decision. I realize that I must overcome both an abuse of discretion standard on appeal as well as the Court's findings as to my objection. That does not make my appeal frivolous, however. I am bringing this appeal in good faith. A timely objection was made in this Court that the proponents of this settlement did not meet their burden of proof on reasonableness, fairness and adequacy. *See Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 319-20 (3d Cir. 2011) (proponents of settlement have burden of proof on fairness among other things). I intend to raise on appeal whether the settlement was fair and I believe there is Third

Circuit precedent which supports a non-frivolous argument on fairness. *See In re Baby Prods. Antitrust Lit.*, 708 F.3d 170 (3d Cir. 2013). Objection was likewise made to adequacy of class counsel and class representatives. I intend to brief on appeal whether class counsel and class representatives were adequate based primarily on an extension of Ninth Circuit precedent, which I will ask the Third Circuit to adopt. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). Finally, objection was made to the attorneys' fees. I will assert that fees were excessive under the circumstances even though they came from a separately negotiated fund that did not reduce the class recovery. *See id.* at 949 (separately negotiated funds to pay attorneys' fees makes it impossible for the court to remedy any allocation issues by reducing the fee award); *see also In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 786-800 (3d Cir. 1995) (Third Circuit law on attorneys' fees generally). The Third Circuit may very well reject these arguments. Nevertheless, I believe strongly in these arguments. My lawyer has brought appeals that have prevailed in the past, including in the Third Circuit, notwithstanding having lost in the district court. *See, eg., In re Baby Prods. Antitrust Lit.*, 708 F.3d 163 (3d Cir. 2013); *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012). I

am aware my lawyer has also lost appeals in the Third Circuit. *See, eg., Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011).

- Plaintiffs contend that inappropriate "ghostwriting" has occurred in this case. On November 12, 2013, Mr. Bandas filed an appearance in the court of appeals, before the issue of ghostwriting was ever raised by class counsel in its motion for sanctions. I hired Mr. Bandas in a limited capacity to represent me while remaining *pro se* before the District Court. On May 5, 2007, the ABA expressly endorsed so-called "ghostwriting" as ethical. "A lawyer may provide legal assistance to litigants appearing before tribunals '*pro se*' and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance." ABA Formal Opinion 07-446 (May 5, 2007).[1] Circuit courts of appeal to take up the issue of ghostwriting have found that it is appropriate. *See, e.g., In Re Fengling Liu*, 664 F.3d 367, 370-71 (2d. Cir. 2011) (finding that neither lawyer that prepared pleading nor litigant who filed pleadings had duty to disclose that lawyer "ghost wrote" pleadings and finding that even if such a

---

[1] "Ghostwriting" is described by the ABA as simply "a form of 'unbundling' of legal services, whereby a lawyer performs only specific, limited tasks instead of handling all aspects of a matter." ABA Formal Opinion 07-446 (May 5, 2007). The "fact that a litigant submitting papers to a tribunal on a pro se basis has received legal assistance behind the scenes is not material to the merits of the litigation. Litigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure." *Id*. There is nothing unethical about ghostwriting.

duty to disclose existed, movant failed to establish that court was mislead in some material fashion by that lack of disclosure); and *Robinson v. Home Depot USA, Inc.*, 47 Fed. Appx. 820, 825 (5th Cir. 2012) (observing that movant has not cited any authority that "ghostwriting" is inappropriate in the Fifth Circuit).

## CONCLUSION

Although Mr. Bandas and his firm have not made an appearance in this Court, I have sought legal advice and assistance in this matter by Bandas Law Firm, P.C., Corpus Christi, Texas, and this document was prepared with the assistance of counsel, no special favor or treatment is requested due to the fact that any document I submit is filed *pro se*. As set forth above, the motion for sanctions should be denied in all respects.

DATED: March 10, 2014        Respectfully submitted,

*/s/ Tim Blanchard*
Tim Blanchard
3710 Pope Drive
Corpus Christi, TX 78411
(361) 558-3477

*Pro Se Objector/Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of March, 2014, I filed the foregoing with the Clerk of the Court for the United States District Court District of New Jersey by using FedEx Priority Overnight delivery. I further certify that a true and correct copy of the foregoing document has been forwarded to all counsel not registered CM/ECF via U.S. Mail on this the 10th day of March, 2014.

DATED this March 10, 2014.

**CAROLINE F. BARTLETT**
**JAMES E. CECCHI**
**DONALD A. ECKLUND**
**LINDSEY H. TAYLOR**
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, P.C.
5 BECKER FARM ROAD
ROSELAND, NJ 07068

**SCOTT A. BURSOR**
**JOSEPH E. MARCHESE**
BURSOR & FISHER, P.A.
888 SEVENTH AVENUE
NEW YORK, NEW YORK 10019

**MARISSA J. COHEN**
**JENNIFER LYNN DEL MEDICO**
JONES DAY
222 EAST 41ST STREET
NEW YORK, NY 10017

**ANTONIO VOZZOLO**
FARUQI & FARUQI, LLP
369 LEXINGTON AVENUE
10TH FLOOR
NEW YORK, NY 10017-6531

*/s/ Tim Blanchard*
Tim Blanchard
*Pro Se Objector/Appellant*



FedEx Express®

From: (361) 558-3477   Origin ID: CRPA
Tim Blanchard
3710 Pope Drive
CORPUS CHRISTI, TX 78411

SHIP TO: (973) 645-3730         BILL SENDER
Clerk of Court
USDC - District of New Jersey
Martin Luther King Fed. Bldg.
50 Walnut Street
NEWARK, NJ 07101

Ship Date: 10MAR14
ActWgt: 0.5 LB
CAD: 9088495/INET3490

Ref #
Invoice #
PO #
Dept #

TRK# 7981 6704 9300   0201

XA VAKA

RELEASE#: 3785346
TUE - 11 MAR 10:30A
PRIORITY OVERNIGHT

07101
NJ-US
EWR

Extremely Urgent

Page 1 of 1