**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROSSI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTOR & GAMBLE CO.,<br><br>Defendant. | Civil Action No. 11-7238 (JLL)<br><br><br>**OPINION** |

**LINARES**, District Judge.

On February 22, 2013, this Court granted preliminary approval to a class action settlement between Plaintiff Edward Rossi (individually and on behalf of all others similarly situated) and the Proctor and Gamble Company.  Tim Blanchard was the sole objector to that settlement.  (Oct. 13, 2013 Opinion at 12.)  On October 13, 2013, this Court found Mr. Blanchard's objection unmeritorious and granted final approval of the settlement. (*Id*. at 24.)

On October 18, 2013, Mr. Blanchard filed an appeal of this Court's final approval of the settlement.   (Docket Entry No. 83.)  Plaintiff Edward Rossi and Class Counsel now move for the entry of an Appeal Bond in the amount of $30,000 under Federal Rule of Appellate Procedure 7. (Docket Entry No. 86.)  For the reasons stated below, Plaintiff's motion is **denied** *without* prejudice.

## DISCUSSION

A.    *Federal Rule of Appellate procedure 7*

Federal Rule of Appellate Procedure 7 states that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "'Costs' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39." *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777, *1 (3d Cir. June 10, 1997) (citation omitted).

Federal Rule of Appellate Procedure 39 provides:

[t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1)    the preparation and transmission of the record;
(2)    the reporter's transcript, if needed to determine the appeal;
(3)    premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
(4)    the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). Part (c) of Rule 39 requires that each Circuit fix, by local rule, "the maximum rate for taxing the cost of producing necessary copies." Fed. R. App. P. 39(c). The Third Circuit accomplished this with Third Circuit Local Appellate Rule 39.3, which sets out the maximum rate at which costs of reproduction will be taxed in this Circuit.[1] 3d Cir. L.A.R. 39.3 (2008).

---

[1] (1)    Reproduction (whether by offset or typography):
Reproduction per page                    $ 4.00
(for 20 copies or less)
Covers (for 20 copies or less)           $ 50.00
Binding per copy                          $ 4.00
Sales tax                                 Applicable Rate

   (2)    Photocopying (whether in house or commercial):

B.      *Application to Facts*

Plaintiff argues that his proposed $30,000 bond covers "three categories of allowable costs: (1) the direct costs related to the appeal; (2) the additional costs associated with administration of the Settlement caused by the delay in disbursement of the settlement fund to the Class; and (3) attorneys' fees related to the appeal." (Pl. Br. in Supp. of Mot. 11.)

Mr. Blanchard is not opposed to a bond requirement in this case, but argues that $30,000 is unreasonable and impermissible under Fed. R. App. P. 7. (Objector's Resp. 4.)  Specifically, Mr. Blanchard argues that attorneys' fees, costs of delay, and prospective damages under Rule 38 are not includable in a Rule 7 bond.  *Id.* at 3.  For the following reasons, this Court agrees.

1.      *Attorneys' Fees*

Circuits are split on the question of whether or not to include attorneys' fees in a bond issued under Federal Rule of Appellate Procedure 7. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007).  The Second, Sixth, Eleventh, and Ninth Circuits all hold that it is within a district court's discretion to include projected attorneys' fees in an appeal bond made pursuant to Rule 7.  *See id.* at 955, 958.  However, the D.C. Circuit and Third Circuit have both held that "that Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees." *Hirschensohn*, 1997 WL 307777, at *3.

| Reproduction per page per copy | $ .10 |
| Binding per copy | $ 4.00 |
| Covers (for 20 copies or less) | $ 40.00 |
| Sales tax | Applicable Rate |

3d Cir. L.A.R. 39.3(c) (2008).

In particular, in *Hirschensohn v. Lawyers Title Ins. Corp.*, the Third Circuit held "that attorneys' fees are distinct from the 'costs' defined by Rule 39." (*Id.* at *2).  In doing so, the Court differentiated cases, such as this one, where the rule in question contains a detailed description of "costs," from cases like *Marek v. Chesny*, where the rule in question contains no definition of "costs." *Compare id.* at *2, *with Marek v. Chesny*, 473 U.S. 7, 9 (1985) (holding that "costs" under Fed. R. of Civ. P. 68 "refer[s] to all costs properly awardable under the relevant substantive statute or other authority" including attorneys' fees); *but see Adsani v. Miller*, 139 F.3d 67, 74 (2d Cir. 1998) (holding that "*Hirschensohn* does not address the case where . . . an independent federal statute explicitly authorizes attorney's fees 'as part of the costs' both at trial and upon appeal . . . .").  Although *Hirschensohn* is an unreported decision, its reasoning remains sound.  Thus, the Court sees no reason to deviate from the Third Circuit's practice of excluding attorneys' fees from Rule 7 appeal bonds.

2.      *Costs of Delay*

As to the inclusion of additional administrative costs caused by the delay in disbursement of settlement funds, this Court applies reasoning consistent with that set forth in *Hirschensohn*. This Court thus denies inclusion of any administrative costs that are not specifically enumerated in Rule 39.  *See Hirschensohn*, 1997 WL 307777, at *2-*3 (holding that attorneys' fees may not be included in a Rule 7 appeal bond because they are not listed in Rule 39).  Because Rule 39 does not enumerate any additional administrative costs caused by delay in the disbursement of settlement funds, inclusion of these costs is denied.

>    *3.     Costs and Damages for Frivolous Appeal*

Finally, Plaintiff argues that, "[w]here a district court believes that the recovery of sanctions and fees is possible under Rule 38, such amount should be considered in the assessment of an appeal bond." (Pl. Br. in Supp. of Mot. 10.)   Plaintiff's argument fails for two reasons.

First, following the logic of *Hirschensohn*, only those costs enumerated in Rule 39 may be considered by the court in issuing an appeal bond under Rule 7. *See Hirschensohn*, 1997 WL 307777, at \*2-\*3. Because prospective damages and costs for frivolous appeals are not enumerated in Rule 39, they are not includable in a Rule 7 appeal bond.

Second, Rule 38 provides that, "[i]f *a court of appeals* determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed. R. App. P. 38 (emphasis added).  Plaintiff's argument fails because Rule 38, by its very terms, applies to courts of appeal—*not* district courts.  Plaintiff cites no binding legal authority suggesting that a district court may step into the shoes of an appellate court to decide whether an appeal is frivolous under Federal Rule of Appellate Procedure 38.  This Court therefore determines that it has no authority to include prospective costs and damages under Rule 38 in a Rule 7 appeal bond.

## **CONCLUSION**

The Court has wide discretion to determine whether an appeal bond under Rule 7 will be issued, and in what amount it will be issued.  *See, e.g., In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at \*2.  Although the Court concludes, as a general matter, that an appeal bond could be appropriate in a case such as this one to ensure payment of costs in the

event of a failed appeal, Plaintiff's requested bond amount of $30,000 includes certain costs that are impermissible under Rules 39 and 7.  Because Plaintiff provides no details regarding how his proposed $30,000 bond is broken down into its constituent costs, this Court has no reasonable basis on which to modify the amount of the bond and bring it into compliance with Rule 7. Plaintiff's motion is therefore denied *without* prejudice to the refiling of same.

An appropriate Order accompanies this Opinion.


Date: March 17, 2014                                 s/ Jose L. Linares
                                                    Jose L. Linares, U.S.D.J.